IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON ROBLES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DANIEL CUEVA, et al.,<br><br>　　　　Defendants. | No. 2:25-cv-0443-DAD-DMC-P<br><br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

/ / /

/ / /

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.   PLAINTIFFS ALLEGATIONS

Plaintiff filed the original complaint on February 3, 2025. See ECF No. 1. Plaintiff asserts claims against the following Defendants: (1) Daniel Cueva; (2) J. Hume, Lieutenant; (3) J. Cummins; (4) Wedrall; (5) A. Favela; (6) Dr. Agular; (7) Portee; (8) A. Torres; and (9) W. Jackson. See EFC No. 1, pgs. 1-4.

Plaintiff's first claim arises from an incident on March 7, 2024, after Plaintiff was involved in a physical fight and subsequently restrained by Defendant Wedrall. See id. at 5. Plaintiff alleges that Defendant Wedrall violated his Eighth Amendment rights by using excessive force by striking Plaintiff's hand with a baton while Plaintiff was secured in handcuffs and a waist chain. See id. at 4. According to Plaintiff, these strikes broke bones in Plaintiff's hand, requiring surgery. See id. Additionally, Plaintiff asserts that this incident adversely affected his mental health. See id. Further, Plaintiff alleges that while escorting Plaintiff, Defendant Wedrall had his baton in his hand, outside of his holster, in violation of policy. See id. at 5. Plaintiff contends that by keeping his baton in his hand, Defendant Wedrall had a "malicious mindset." Id.

/ / /

/ / /

/ / /

In his second claim, Plaintiff alleges his Eighth Amendment rights and rights under the Americans with Disabilities Act (ADA) were violated by Defendant Agular. See id. at 6. According to Plaintiff, Defendant Agular failed to examine Plaintiff's injured hand while Plaintiff was in the Enhanced Outpatient Program (EOP) on various occasions from March 7, 2024, to April 2, 2024. See id. Plaintiff describes this as a "Monell Doctrine" claim. Id. Plaintiff contends that Defendant Agular was obligated to examine his hand injury before allowing Defendant Hume to direct Defendants Wedrall, Portee, Favela, Torres, and Jackson to handcuff Plaintiff's hands behind his back. See id. Plaintiff asserts those Defendants were "under [Defendant Hume's] rank." Id. Plaintiff contends that, on multiple occasions from March 7, 2024, to April 2, 2024, Defendant Hume violated policy by ordering these correctional officers to handcuff Plaintiff's hands behind his back while Plaintiff had a broken hand. See id. Plaintiff further alleges that his hand was visibly swollen, and the injury would have been obvious to the correctional officers. See id. Plaintiff asserts this conduct caused further harm to his mental health and physical injuries to his head and hands. See id.

In his third claim, Plaintiff asserts that his Eighth Amendment rights were violated by Defendants Hume, Cummins, Favela, Torres, and Agular from March 7, 2024, to April 2, 2024. See id. at 7. Plaintiff alleges that, on multiple occasions, Defendant Cummins "inflicted pain" on Plaintiff by "targeting" Plaintiff's broken hand and kneeing Plaintiff in the head. Id. Plaintiff asserts that Defendant Hume showed Defendant Agular "audio video surveillance" to Plaintiff Aguilar, in violation of policy. See id. at 7. Plaintiff alleges Defendant Hume showed this to Defendant Agular to convince Defendant Agular to remove Plaintiff's waist chain and "justify" his instruction to correctional officers to handcuff Plaintiff behind his back, instead of using special cuffing to prevent further injury. Id. at 7-8. Additionally, Plaintiff asserts that Defendant Favela punched Plaintiff and Defendants Cummins, Torres, and Jackson failed to prevent Defendants Cummins and Favela from "torturing" Plaintiff, in violation of policy See id. As a result of these actions, Plaintiff contends he suffered "serious pain, head injuries, possible further displacement of bones leading to surgery" and his mental health was negatively impacted. Id.

3

## II.     DISCUSSION

The Court finds Plaintiff's complaint asserts five cognizable claims for relief. Specifically, Plaintiff alleges an Eighth Amendment violation based on excessive force when Defendant Wedrall broke Plaintiff's hand with a strike from his baton when Plaintiff was secured in handcuffs and a waist chain. See EFC No. 1, pg. 4. Plaintiff also alleges an excessive force claim against Defendant Cummins for, on multiple occasions, "targeting" Plaintiff's broken hand and kneeing Plaintiff on the side of his head. Id. at 7. Additionally, Plaintiff alleges an excessive force claim against Defendant Favela for punching Plaintiff. See id. The Court finds these allegations gives rise to cognizable Eighth Amendment excessive force claims against Defendant Wedrall, Cummins, and Favela. Next, Plaintiff asserts that Defendant Hume violated policy by directing Defendants Wedrall, Portee, Favela, Torres, and Jackson to handcuff Plaintiff's hands behind his back while Plaintiff had a visibly "obvious" broken hand. Id. at 6. The Court finds this allegation gives rise to both an excessive force claim against Defendants Wedrall, Portee, Favela, Torres, and Jackson, and a cognizable supervisory liability claim against Defendant Hume. Lastly, Plaintiff contends that Defendant Agular is liable for violated his Eighth Amendment rights by failing to examine Plaintiff's hand injury and this failure resulted in further bone displacement. See id. at 6-7. The Court finds that Plaintiff's allegation states facts sufficient to give rise to a cognizable medical needs claim against Defendant Agular.

The other claims, discussed further below, are insufficient as currently pled. Plaintiff's claims against Defendants Portee, Torres, and Jackson are not cognizable because the complaint fails to show a causal connection between the Defendants and the Eighth Amendment violation. Plaintiff's municipal liability claim is not cognizable because Plaintiff does not allege that any constitutional violation was the result of a policy or custom. Plaintiff's claim of supervisory liability against Defendant Cueva is not cognizable because the complaint does not show a causal link between the Plaintiff's alleged constitutional deprivations and Defendant Cueva's involvement as a supervisor. Plaintiff's ADA claim against Defendant Agular is not cognizable because Plaintiff fails to show what benefit Plaintiff was entitled to, nor does he describe how Defendant Agular's actions resulted in the exclusion of Plaintiff from that benefit

4

because of Plaintiff's disability. Plaintiff's claim against Defendant Agular for retaliation is not cognizable because Plaintiff's complaint fails to allege facts demonstrating a specific link between the alleged retaliation and the exercise of a constitutional right. Plaintiff will be provided an opportunity to amend these claims to cure their deficiencies.

### A.      Municipality Liability

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id.

Plaintiff fails to allege adequate facts to sustain a claim against a municipality because the complaint does not allege any constitutional deprivation as a result of a policy or custom of the municipality. See EFC No. 1, pg. 6. The complaint alleges constitutional deprivation due to the acts of its employees, in violation of policy. See id. Thus, the complaint fails to establish municipal liability because any alleged constitutional deprivations were not the result of a policy or custom. Plaintiff will be provided an opportunity to amend.

### B.      Supervisory Liability

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may be liable even

where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A supervisory defendant may also be liable where he or she knew of constitutional violations but failed to act to prevent them. See Taylor, 880 F.2d at 1045; see also Starr v. Baca, 633 F.3d 1191, 1209 (9th Cir. 2011).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

Plaintiff asserts Defendant Cueva, Warden of California Medical Facility, is liable under supervisor liability because the excessive force by the correctional officers occurred in the facility under his supervision. See EFC No. 1, pg. 4. Plaintiff's claim of supervisory liability against Defendant Cueva is not cognizable because the complaint does not show a causal link between the Plaintiff's alleged constitutional deprivations and Defendant Cueva's actions. Plaintiff will be provided an opportunity to amend.

**C.     Title II of the Americans with Disabilities Act**

Title II of the Americans with Disabilities Act (ADA) covers state prison inmates. Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 213 (1998). To present an ADA claim, an inmate must show: (1) they are an individual with a disability; (2) they are qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) they were either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of their disability. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010) overruled in part on other grounds by Castro v. County of Los Angeles, 833 F.3d 1060 (9th Cir. 2016).

For the purposes of the ADA, a disability is a physical or mental impairment that substantially limits one or more major life activities. Weaving v. City of Hillsboro, 763 F.3d 1106, 1111 (9th Cir. 2014). To qualify, a disability must limit the ability of an individual to perform a major life activity as compared to most people in the general population. See Shields v. Credit One Bank, N.A., 32 F.4th 1218, 1226 (9th Cir. 2022). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." Id. (citing 42 U.S.C. § 12102(2)(A)).

To be cognizable, a Title II claim for compensatory damages must allege that the defendants were deliberately indifferent to Plaintiff's need for accommodation. See Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1139 (9th Cir. 2001), as amended on denial of reh'g (Oct. 11, 2001). To show deliberate indifference, Plaintiff must have provided notice to Defendants by identifying specific reasonable and necessary accommodations. Id. (citing Memmer v. Marin County Courts, 169 F.3d 630, 633 (9th Cir.1999)). But providing notice is unnecessary if the need for accommodation is "obvious" or is required by statute or regulation. Id. Plaintiff must also allege that once notice was provided, the defendants failed to "undertake a fact-specific investigation to determine what constitutes a reasonable accommodation." Id. Upon receiving notice, the defendants "have a duty to gather sufficient information from [Plaintiff] and qualified experts as needed to determine what accommodations are necessary." Id. (citing Wong v. Regents of the University of California, 192 F.3d 807, 818 (9th Cir.1999). Ultimately, the "failure to act must be a result of conduct that is more than negligent[] and involves an element of deliberateness." Id.

Plaintiff contends that Defendant Agular violated his rights under the ADA when Defendant Agular failed to examine Plaintiff's hand on various occasions while Plaintiff was in the EOP. See EFC No. 1, pg. 6. Plaintiff fails to show what benefit Plaintiff was entitled to nor does he describe how Defendant Agular's actions resulted in the exclusion of Plaintiff from that benefit because of Plaintiff's disability. Plaintiff will be given an opportunity to amend.

///

E.  **Retaliation**

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the plaintiff must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989). The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005). Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. See Rhodes, 408 F.3d at 568.

Plaintiff alleges that Defendant Hume showed "audio video surveillance" to Defendant Agular to convince Defendant Agular to remove Plaintiff's waist chain and "justify" his instruction to correctional officers to handcuff Plaintiffs hands behind his back. See EFC No. 1, pgs. 7-8. A retaliation claim requires the exercise of First Amendment rights, but the complaint does not allege Plaintiff engaged in protected First Amendment conduct. Thus, the correctional officers could not have taken adverse action against Plaintiff to chill Plaintiff's First Amendment rights. Plaintiff will be provided an opportunity to amend.

///
///
///
///
///
///

8

### III.   CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a second amended complaint within 30 days of the date of service of this order.

**Dated:  June 5, 2025**

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE