1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    RAMON ROBLES,                              No.  2:25-cv-0443-DAD-DMC-P

12                     Plaintiff,

13        v.                                     <u>FINDINGS AND RECOMMENDATIONS</u>

14    DANIEL CUEVA, et al.,

15                     Defendants.

16

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint.  <u>See</u> ECF No. 1.

19              The Court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21    § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23    from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

26    means that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d

27    1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

28    complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

                                                        1

1    rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege

2    with at least some degree of particularity overt acts by specific defendants which support the

3    claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4    impossible for the Court to conduct the screening required by law when the allegations are vague

5    and conclusory.

6                On June 6, 2025, the Court issued an order addressing the sufficiency of Plaintiff's

7    complaint.  See ECF No. 11.  Plaintiff's allegations are summarized in that order and not repeated

8    here.  The Court concluded as follows:

9                    The Court finds Plaintiff's complaint asserts five
             cognizable claims for relief. Specifically, Plaintiff alleges an Eighth
10           Amendment violation based on excessive force when Defendant Wedrall
             broke Plaintiff's hand with a strike from his baton when Plaintiff was
11           secured in handcuffs and a waist chain. See EFC No. 1, pg. 4. Plaintiff
             also alleges an excessive force claim against Defendant Cummins for, on
12           multiple occasions, "targeting" Plaintiff's broken hand and kneeing
             Plaintiff on the side of his head. Id. at 7. Additionally, Plaintiff alleges an
13           excessive force claim against Defendant Favela for punching Plaintiff. See
             id. The Court finds these allegations gives rise to cognizable Eighth
14           Amendment excessive force claims against Defendant Wedrall, Cummins,
             and Favela. Next, Plaintiff asserts that Defendant Hume violated policy by
15           directing Defendants Wedrall, Portee, Favela, Torres, and Jackson to
             handcuff Plaintiff's hands behind his back while Plaintiff had a visibly
16           "obvious" broken hand. Id. at 6. The Court finds this allegation gives rise
             to both an excessive force claim against Defendants Wedrall, Portee,
17           Favela, Torres, and Jackson, and a cognizable supervisory liability claim
             against Defendant Hume. Lastly, Plaintiff contends that Defendant Agular
18           is liable for violated his Eighth Amendment rights by failing to examine
             Plaintiff's hand injury and this failure resulted in further bone
19           displacement. See id. at 6-7. The Court finds that Plaintiff's allegation
             states facts sufficient to give rise to a cognizable medical needs claim
20           against Defendant Agular.
                         The other claims, discussed further below, are insufficient
21           as currently pled. Plaintiff's claims against Defendants Portee, Torres, and
             Jackson are not cognizable because the complaint fails to show a causal
22           connection between the Defendants and the Eighth Amendment violation.
             Plaintiff's municipal liability claim is not cognizable because Plaintiff
23           does not allege that any constitutional violation was the result of a policy
             or custom. Plaintiff's claim of supervisory liability against Defendant
24           Cueva is not cognizable because the complaint does not show a causal link
             between the Plaintiff's alleged constitutional deprivations and Defendant
25           Cueva's involvement as a supervisor. Plaintiff's ADA claim against
             Defendant Agular is not cognizable because Plaintiff fails to show what
26           benefit Plaintiff was entitled to, nor does he describe how Defendant
             Agular's actions resulted in the exclusion of Plaintiff from that benefit
27           because of Plaintiff's disability. Plaintiff's claim against Defendant Agular
             for retaliation is not cognizable because Plaintiff's complaint fails to
28           allege facts demonstrating a specific link between the alleged retaliation

and the exercise of a constitutional right. Plaintiff will be provided an opportunity to amend these claims to cure their deficiencies.

ECF No. 11, pgs. 4-5.

Plaintiff was advised of the relevant legal principles and provided leave to amend. See id. at 5-9. Plaintiff was cautioned that, if no amended complaint was filed within 30 days, the Court would dismiss all claims and defendants except the following: (1) Plaintiff's Eighth Amendment excessive force claims against Defendants Wedrall, Cummins, Favela, Portee, Torres, Jackson, and Hume; and (2) Plaintiff's Eighth Amendment medical deliberate indifference claim against Defendant Agular. See id. To date, Plaintiff has not filed an amended complaint. Accordingly, by separate order the Court has directed service on Defendants Wedrall, Cummins, Favela, Portee, Torres, Jackson, Hume, and Agular and will herein recommend dismissal of all other claims and defendants.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

3

1    Based on the foregoing, the undersigned recommends as follows:

2          1.    This action proceed on Plaintiff's original complaint as to the following

3    claims and defendants: (a) Plaintiff's Eighth Amendment excessive force claims against

4    Defendants Wedrall, Cummins, Favela, Portee, Torres, Jackson, and Hume; and (b) Plaintiff's

5    Eighth Amendment medical deliberate indifference claim against Defendant Agular.

6          2.    All other claims and defendants be dismissed.

7          3.    The Clerk of the Court be directed to terminate Daniel Cueva as a

8    defendant to this action.

9          These findings and recommendations are submitted to the United States District

10    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

11    after being served with these findings and recommendations, any party may file written

12    objections with the court.  Responses to objections shall be filed within 14 days after service of

13    objections.  Failure to file objections within the specified time may waive the right to appeal.  See

14    Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15

16    **Dated:  August 8, 2025**

17    _____
      DENNIS M. COTA
18    UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

4